PER CURIAM.
This is an attempted appeal by Campus University Apts., Inc., a Florida corporation, from a final money judgment for $4,143.89 entered by the Civil and Criminal Court of Record for Pinellas County, in favor of Audlane Lumber & Builders Supply, Inc., a Florida corporation, and against Campus University and one Kim Greenough.
The original final judgment is a part of the record-on-appeal, here, and shows to have been signed by the trial Judge, and filed with and recorded by the Clerk of said Court in Official Record Book 2478 at page 528, all on October 21, 1966.
On January 30, 1967, notice of appeal to this Court was filed by Campus University from said judgment, which judgment was described as “bearing date the 21st day of October, 1966, and rendered on the 1st day of December, 1966”. Nowhere else in the record does it appear what was meant by the recital that the judgment was “rendered” on December 1st, 1966. Certain it is, however, that we cannot accept such ex parte recital as authentic, in the absence of an affirmative showing that the judgment was rendered on any date other than when it was signed and recorded.
Rule 1.3 of- the Florida Appellate Rules, 32 F.S.A. defines “rendition” as follows:
“ ‘Rendition’ of a judgment * * * means that it has been reduced to writing, signed and made a matter of record * * A paper is deemed to be recorded when filed with the clerk and assigned a book and page number”. (Emphasis supplied).
From the record here this would definitely fix the date of “rendition” of the judgment appealed as beings October 21st, 1966.
It is true that said Rule 1.3 goes on to provide that—
“Where there has been filed in the lower court a timely and proper motion * * * for a new trial, * * * the * * * judgment * * * shall not be deemed rendered until such motion * * * is disposed of.”
But the record here does not indicate or contain any motion for new trial or “other timely post-trial motion or petition permitted by the Rules”. There does appear in the assignments of error a statement that *689 “the Court erred in denying defendant’s motion for new trial”, but such motion is not otherwise made to appear, or if any, when it was filed, what it contained, or if and when it was ever ruled upon.
The obvious importance of all this is that if the time for taking appeal began to run on October 21st, 1966, the notice of appeal was filed more than the maximum period of 60 days allowed under Rule 3.2 subd. b, whereas if the time began to run on December 1st, 1966, or any time within 60 days prior to January 30, 1967, it would be in time.
We have no alternative except to hold that the judgment appealed was rendered on October 21, 1966, the date it was signed, filed, and recorded; and the matter being strictly jurisdictional, this appeal must be dismissed ex mero motu, as not having been taken within the time provided by the Rules.
So ordered.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.